USCA1 Opinion

 

 July 5, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2299 DENNIS EVANS, Plaintiff, Appellant, v. GEORGE A. VOSE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Mary M. Lisi, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ David J. Gentile on Motion for Summary Judgment for appellee. ________________ ____________________ ____________________ Per Curiam. We have reviewed carefully the record in __________ this case, including the transcript of appellant Dennis Evans' disciplinary hearing. We summarily affirm the grant of summary judgment to appellees.  Even if we assume without deciding that Evans has a constitutionally protected liberty interest in good time credits, he has still failed to allege sufficient facts to support a claim that his rights to federal due process were violated.  First, under federal due process standards, an inmate is entitled to notice of the charges against him, not to notice of each item of evidence which may be offered to prove the charges. Consequently, providing an inmate with a copy of the disciplinary report satisfies due process. See Langton v. ___ _______ Berman, 667 F.2d 231, 234 (1st Cir. 1981). Since Evans ______ admits that he received timely copies of the disciplinary report against him prior to the disciplinary hearing, his claim is without merit.1  1 Second, Evans alleges that he was denied a right to present witnesses in his own defense. However, the record indicates that Evans made only a reference at his disciplinary hearing to a desire to call prison officials as witnesses and that this claim was not pressed. Moreover,  ____________________ 1Evans' allegation that the notice violated the Morris 1 rules is not of federal constitutional dimension, and such a violation, in and of itself, is not a sufficient predicate for a federal due process claim.  -2- even if we assume that the board erred in not allowing Evans to call these witnesses, the error was harmless.  The only information those witnesses could have provided, according to Evans, is that they had not seen Evans have more than minimal contact with his alleged co- conspirator in the time immediately preceding the discovery of the escape attempt. Since Evans makes no claim that these witnesses were present at all times during which communication between Evans and his co-conspirator could have occurred, their testimony would have done little to sustain Evans' claim. Since Evans has not shown that he suffered any prejudice from his inability to call these witnesses, he has failed to show any violation of his due process rights. See ___ Forbes v. Trigg, 976 F.2d 308, 318 (7th Cir. 1992) (failure ______ _____ to allow inmate to call witnesses did not violate due process since "[t]heir testimony could have added little"); see also ___ ____ Wolff v. McDonnell, 418 U.S. 539, 566 (1974) (disciplinary _____ _________ board may deny request for witness on grounds of irrelevance). Evans' third claim is that there was insufficient evidence in the record to support the finding of guilt. The only witness upon which the board relied was the investigating officer, who related to the board the testimony of two confidential informants and vouched for their reliability.  -3- When a disciplinary board's finding of guilt relies primarily on the evidence provided by a confidential informant, due process requires that the board have adequate information from which it could reasonably conclude that the informant's evidence was reliable. See Langton, 667 F.2d at ___ _______ 235. We find that the board had a sufficient basis for finding that the informants' testimony met the reliability requirement in this case. In his testimony to the board, the investigating officer made clear that his information about the escape attempt came from two separate informants and that each informant had provided reliable information in the past. He also testified that physical evidence (escape tools) were found in the possession of one of the informants. An investigator's personal testimony of what a confidential informant stated, along with his statement that the informant had proved reliable in the past, is usually sufficient to meet the reliability requirement of Wolff. See Hensley v. Wilson, 850 _____ ___ _______ ______ F.2d 269, 277 (6th Cir. 1988) ("[a]t a very minimum, the investigator must report that a particular informant has proved reliable in specific past instances"); Zimmerlee v. _________ Keeney, 831 F.2d 183, 187 (9th Cir. 1987), cert. denied, 487 ______ _____ ______ U.S. 1207 (1988) ("that an informant previously supplied reliable information is sufficient"); Dawson v. Smith, 719 ______ _____ F.2d 896, 899 (7th Cir. 1983), cert. denied, 466 U.S. 929 _____ ______ -4- (1984) (same); Kyle v. Hanberry, 677 F.2d 1386, 1390 (11th ____ ________ Cir. 1982) ("due process may be satisfied where the witness relaying the information provided by a confidential informant testifies before the [board] that he knows the informer, that he has used him in the past, and that the informer had first hand knowledge of the incident reported"). We find that it is so in the instant case, especially since physical evidence was found which corroborated this information.  The judgment of the district court is summarily affirmed. See 1st Cir. Loc. R. 27.1.  ________ ___ Appellant's motion to be allowed to proceed in forma __ _____ pauperis and his motion for appointment of an attorney are ________ denied. ______ -5-